UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
JAVON DOWLING,

                Plaintiff,

  - against -

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 19, 2012

10-cv-5150 (PAC)(THK)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

    Pro se Plaintiff Javon Dowling ("Dowling") brings this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights, while in the custody of the New York City Department of Corrections ("DOC"). Defendants move for summary judgment, arguing, inter alia, that Dowling made false statements in his June, 2011 in forma pauperis ("IFP") application, and that the Complaint should therefore be dismissed under 28 U.S.C. § 1915(e)(2)(A).

    Dowling's IFP application, dated May 14, 2010, provides: "I understand that the Court shall dismiss this case if I give a false answer to any questions in the declaration." (Declaration of Steven M. Silverberg ("Silverberg Decl."), Ex. F.) Dowling stated he did not have any money and that his only source of income in the preceding twelve months was the minimal payroll compensation he received from DOC.[1] The IFP application failed to disclose, however, that he had received $625 in third-party and visitor deposits into his inmate account within the twelve-month period before he filed this case. (See Silverberg Decl., Ex. H.) Dowling claims that he

---

[1] When Dowling initially drafted his IFP application, he stated that he was receiving an income of $224 per month from the DOC. (See Ex. F at 1.) Before submitting the document to the Court, however, Dowling crossed out this amount, wrote "$0" in its place, and initialed the changes. Id. Question 3 of the application seeks the amount of any money received from any source within the previous twelve months. Dowling indicated that this amount was the "same as above." Id.

1

omitted this information because he "could not recall" the deposit amounts, and because he believed that "this information would be ascertained . . . after the pro se clerk received his inmate account records . . . ." (Pl.'s Local Rule 56.1 Statement ("56.1") at ¶ 7.) Accepting Dowling's explanation does not excuse the failure to make any mention of these deposits in his IFP application. Furthermore, Dowling now admits that around the time he filed his IFP application, and before his Second Amended Complaint in this case, he settled an unrelated lawsuit with the City of New York for $17,500. (56.1 at ¶ 1.) Dowling's failure to disclose this additional source of income demonstrates a deliberate attempt to conceal his finances from the Court.

"The court shall dismiss the case at any time if the court determines that…the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(a). "It is well-established that an allegation of poverty is untrue when an IFP applicant conceals a source of income in order to gain access to a court without prepayment of fees." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004). Moreover, "[d]ismissal with prejudice is appropriate when an applicant misrepresents h[is] financial arrangements in bad faith to obtain IFP status." Id. (dismissing a civil rights claim with prejudice where the plaintiff failed to disclose a $13,500 settlement on her IFP application); see also Vann v. New York City Comm'r of Corr., et al., No. 10 Civ. 4601 (WHP), 2011 U.S. Dist. LEXIS 87656 (S.D.N.Y. April 5, 2011) (dismissing a civil rights claim with prejudice where the plaintiff failed to disclose on his IFP application that $2,059.10 was deposited into his account).

## CONCLUSION

Based on the facts of record, the Court finds that Dowling concealed sources of income in bad faith in order to avoid paying the filing fee. The Clerk of the Court is directed to enter

2

judgment for Defendants and close this case. Pursuant to 28 U.S.C 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
      July 19, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Javon Dowling
963 Bergen Street
Brooklyn, NY 11216